# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALISA THOMPSON,
                Appellant,

      v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
DC-0752-15-1009-I-1

DATE: February 22, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Esquire, Charleston, South Carolina, for the
    appellant.

Maxwell Selz, Esquire, APO, APO/FPO Europe, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    Between September 26, 2011, and June 12, 2015, the appellant served in various excepted service teacher and substitute teacher positions for the agency under temporary "not to exceed" appointments. Initial Appeal File (IAF), Tab 6 at 13-29. The appellant is a nonpreference eligible. *Id*. at 29. When the appellant was terminated pursuant to the expiration of her final appointment, she filed a Board appeal and requested a hearing. IAF, Tab 2; Tab 6 at 27, 29; Tab 9 at 9. The administrative judge issued a jurisdictional order, IAF, Tab 7, and after the parties responded, IAF, Tabs 9-11, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing, IAF, Tab 12, Initial Decision (ID) at 1, 5. Specifically, the administrative judge found that the appellant was a nonpreference eligible in the excepted service who lacked 2 years of current continuous service when the agency terminated her, and therefore she was not an "employee" with Board appeal rights under 5 U.S.C. chapter 75. ID at 3-4. He also found that the appellant's latest temporary appointment expired according to its terms and that her termination pursuant to that event was not appealable to the Board. ID at 4-5.

¶3    On October 13, 2015, the appellant filed a timely request for an extension of time to file her petition for review. Petition for Review (PFR) File, Tab 1.

The Board granted the appellant an extension and set the filing deadline for November 13, 2015. PFR File, Tab 2. On November 17, 2015, the appellant filed her petition for review, asserting that her petition is untimely because her representative did not receive the Board's extension of time order and was therefore unaware of the new filing deadline. PFR File, Tab 3 at 1-2. The appellant also argues that the administrative judge erred in dismissing the appeal without conducting a jurisdictional hearing or affording her the opportunity to engage in discovery. *Id*. at 9-13. The agency has filed a response, opposing the petition for review on substantive grounds. PFR File, Tab 4.

¶4     It is undisputed that the appellant's petition for review was untimely by 4 days. An untimely petition for review will be dismissed unless the party shows good cause for the delay. 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5     In this case, we find that the appellant has established a reasonable excuse for her filing delay, i.e., her attorney's nonreceipt of the filing extension order. Although the appellant failed to support her contention with a sworn statement, as the Clerk of the Board directed her to do, PFR File, Tab 5 at 1-2, we find no particular reason to doubt her allegations, especially considering that her attorney documented similar problems in receiving e-filings below, IAF, Tab 11 at 5 n.11. We find that this reasonable excuse combined with the minimal 4-day delay are sufficient to establish good cause to waive the filing deadline. *See Shields v. Department of the Navy*, 91 M.S.P.R. 347, ¶ 11 (2002) (finding that the brevity of

a 4-day filing delay weighed in favor of waiving the deadline). Because the agency does not claim that it would be prejudiced by such a waiver, we hereby waive the filing deadline.

¶6    Nevertheless, we find that the appellant has not provided a basis to disturb the initial decision. As the agency and the administrative judge correctly stated, a nonpreference-eligible employee in the excepted service must satisfy the conditions of 5 U.S.C. § 7511(a)(1)(C)(i) or (ii) to appeal her termination to the Board. IAF, Tab 6 at 7; ID at 3-4; *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012). Subparagraph 7511(a)(1)(C)(i) does not apply in this case because there is no indication that the appellant held an initial appointment pending conversion to the competitive service. *See Forest v. Merit Systems Protection Board*, 47 F.3d 409, 411–12 (Fed. Cir. 1995). Furthermore, it is undisputed that the appellant does not meet the criteria of subparagraph 7511(a)(1)(C)(ii) because, at the time of her termination, she did not have 2 years of current continuous service. *See Swango v. Department of Veterans Affairs*, 59 M.S.P.R. 235, 240 (1993). The record shows that the appellant's service between September 26, 2011, and June 12, 2015, was interrupted by a break in service between July 31, 2013, and August 27, 2013. IAF, Tab 6 at 17, 19. Thus, at the time of her June 12, 2015 termination, the appellant had less than 2 years of current continuous service. *See* 5 C.F.R. § 752.402 ("Current continuous employment means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday.").

¶7    The appellant appears to argue that, if she were allowed to complete discovery and present evidence at a hearing, she would be able to demonstrate that she was actually a competitive-service employee with appeal rights under 5 U.S.C. § 7511(a)(1)(A). PFR File, Tab 3 at 9-10; IAF, Tab 9 at 8-9. However, the appellant has not explained what evidence she believes exists that would contradict the documentary evidence in the record and establish that she is a competitive-service employee. Under the particular circumstances of this case,

we agree with the administrative judge that she has not made a nonfrivolous allegation of Board jurisdiction. ID at 4; *see* 5 C.F.R. § 2101.4(s) (a nonfrivolous allegation must be more than conclusory and must be plausible on its face).

¶8      Furthermore, even if the appellant satisfied the criteria of 5 U.S.C. § 7511(a)(1), we agree with the administrative judge that she has not shown that she was subject to an adverse action because she was terminated pursuant to the expiration of a temporary appointment. ID at 4-5; IAF, Tab 6 at 27, 29. The termination of an appointment on the expiration date specified as a basic condition of employment when the appointment was made simply carries out the terms of the appointment; it does not constitute an adverse action appealable to the Board under 5 U.S.C. chapter 75. *Berger v. Department of Commerce*, 3 M.S.P.R. 198, 199-200 (1980); 5 C.F.R. § 752.401(b)(11).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.